IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JY'AIRE SMITH, | § | No. 689, 2014 |
| | § | |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware in and |
| v. | § | for New Castle County |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1307002299 |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: April 10, 2015
Decided: June 22, 2015

Before **STRINE**, Chief Justice, **HOLLAND** and **VALIHURA**, Justices.

## ORDER

This 22nd day of June 2015, upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the Superior Court record, it appears to the Court that:

(1) The appellant, Jy'Aire Smith, filed this appeal from his conviction and sentencing in the Superior Court on November 19, 2014 on a violation of probation (VOP). The State of Delaware has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of Smith's opening brief that the appeal is without merit. We agree and affirm.

(2) The record reflects that, on October 2, 2013, Smith pled guilty to Drug Dealing. On January 10, 2014, the Superior Court sentenced Smith to six years at Level V suspended after six months for two years at Level III.

(3) On July 21, 2014, Smith was indicted on new charges of Possession of a Firearm by a Person Prohibited and Possession of Ammunition by a Person Prohibited.[1] On August 11, 2014, as a result of the new charges, Smith was charged by administrative warrant with a VOP. At a hearing on November 19, 2014, the Superior Court found Smith guilty of VOP and sentenced him to five years at Level V suspended after four years for one year at Level IV. Smith filed this appeal.

(4) On appeal, Smith contests the authenticity of the evidence presented at the VOP hearing and the effectiveness of his defense counsel at the hearing. This Court is unable to review Smith's claims. As the appealing party, Smith was required to provide a transcript of the VOP hearing for the appeal.[2] It appears that Smith ordered the transcript but did not make arrangements to pay for it. In the absence of a transcript of the

---

[1] The Court takes judicial notice of the Superior Court docket in *State v. Smith*, Del. Super., Cr. ID No. 1407009305.

[2] *Tricoche v. State*, 525 A.2d 151, 154 (Del. 1987) (finding that the appellant had the burden of producing "such portions of the trial transcript as are necessary to give this Court a fair and accurate account of the context in which the claim of error occurred" (quoting Del. Supr. Ct. R. 9(r)(ii) and 14(e)).

2

VOP hearing, the Court cannot evaluate Smith's claims that the Superior Court found him guilty of VOP on the basis of false or insufficient evidence and that his defense counsel was ineffective.[3] Moreover, Smith's ineffective counsel claim is not one this Court will consider for the first time on direct appeal.[4]

(5)   Finally, as the State notes, Smith pled guilty on December 16, 2014, to Possession of Ammunition by a Person Prohibited.[5] This Court has held that a guilty plea to criminal charges that formed the basis of a VOP renders moot any challenge to the sufficiency of the evidence for the VOP.[6]

NOW, THEREFORE IT IS HEREBY ORDERED that the State's motion to affirm is GRANTED.   The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Randy J. Holland
Justice

---

[3] *Id.*

[4] *Wolford v. State*, 2015 WL 745696, at ¶ 7 (Del. Feb. 19, 2015) (citing *Desmond v. State*, 654 A.2d 821, 829 (Del. 1994)).

[5] The docket reflects that Smith has not been sentenced and that new counsel has been appointed to represent him. *See* docket at 21, *State v. Smith*, Del. Super., Cr. ID No. 1407009305 (May 29, 2015).

[6] *DeJesus v. State*, 977 A.2d 797, 799-800 (Del. 2009).

3